UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JAMES L. PHILLIPS, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 1:16-CV-296-PPS-SLC ) |
| MIDSTATES CONCRETE, | ) ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Phillips brought this action by filing a complaint containing only one line alleging, "[T]hey stole my Dirt." [DE 1.] Midstates Concrete filed a motion to dismiss this action for lack of subject matter jurisdiction because the complaint is completely devoid of any information that would indicate that this Court has jurisdiction over Phillips' allegation. [DE 6.] For a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), I will accept well-pleaded factual allegations as true and will draw any reasonable inferences in favor of the plaintiff. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014) (quoting *Iddir v. I.N.S.*, 301 F.3d 492, 496 (7th Cir. 2014). However, the plaintiff is responsible for "establishing that the jurisdictional requirements have been met." *Id*. When the court lacks subject-matter jurisdiction, it "should proceed no further than determining whether to dismiss or transfer the case." *Baker v. Kingsley*, 387 F.3d 649, 656 (7th Cir. 2004).

Federal Rule of Civil Procedure 8 mandates that a pleading must contain "a short

and plain statement of the grounds for the court's jurisdiction." Phillips' complaint is devoid of such a statement. District courts have original jurisdiction over all civil actions where there is: 1) a federal question; or 2) diversity of citizenship and an amount in controversy exceeding $75,000. *See* 28 U.S.C. §§ 1331-1332. To involve a federal question, the action must arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Here, Phillips does not identify any provision in the Constitution, laws, or treaties of the United States under which his action arises. Again, his complaint contains only a single line alleging the Midstates Concrete stole his dirt. Because Phillips fails to allege any federal right or law that Midstates Concrete violated, he fails to establish federal question jurisdiction.

District courts also "have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). A corporation is a citizen of its state of incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Here, Phillips has neither alleged the citizenship of either party, nor alleged any amount of damages for which he seeks relief. Thus, Phillips fails to establish diversity jurisdiction.

Because Phillips failed to establish that the Court has subject matter jurisdiction over his allegation, I must dismiss this action pursuant to Rule 12(b)(1).

ACCORDINGLY:

The Court **GRANTS** Midstates Concrete's Motion to Dismiss [DE 6]. This action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

ENTERED: October 7, 2016

                                           s/ Philip P. Simon
                                          **PHILIP P. SIMON, CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**